**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 19-1431

RICHARD K. GARICK, individually and on behalf of all others similarly situated,

Plaintiff, Appellant,

v.

MERCEDES-BENZ USA, LLC,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Indira Talwani, U.S. District Judge]

Before

Howard, Chief Judge,
Lynch and Lipez, Circuit Judges.

Joshua N. Garick, with whom Law Offices of Joshua N. Garick, P.C. was on brief, for appellant.
David M. Rice, with whom Troy M. Yoshino, Squire Patton Boggs (US) LLP, Peter M. Durney, Christopher J. Hurst, and Cornell & Gollub were on brief, for appellee.

January 15, 2020

**Per Curiam**.  Richard K. Garick appeals from the district court's order dismissing his claim for unfair and deceptive business practices in violation of Massachusetts General Laws chapter 93A.[1]  Garick alleged that Mercedez-Benz USA, LLC ("MBUSA") breached its regulatory duty to disclose a known defect in the radiators of certain vehicle models, including the one he had purchased in 2005.  The district court determined that Garick's operative complaint failed to state a claim upon which relief could be granted.  Alternatively, the court concluded that Garick's chapter 93A claim was barred by the statute of limitations.

Garick's appeal neglects to address the alternative holding based on the statute of limitations.  He spends his entire brief arguing that MBUSA breached its duty to disclose without ever explaining why such a breach would toll chapter 93A's four-year statute of limitations.  See Mass. Gen. Laws ch. 260, § 5A. His only mention of the issue is a single statement, without citation, that such a breach would, "without question," require equitable tolling.  After MBUSA noted this oversight, Garick failed to file a reply brief.  At oral argument, he asserted that the statute of limitations argument was "self-evident" and asked the

---

[1] The district court also dismissed Garick's warranty and fraud claims, but Garick pursues only the chapter 93A claim on appeal.

court not to affirm the dismissal of his case on a "legal technicality."

But the rule of appellate waiver is not a legal technicality. It is "founded upon important considerations of fairness, judicial economy, and practical wisdom." Sindi v. El-Moslimany, 896 F.3d 1, 27 (1st Cir. 2018) (quoting Nat'l Ass'n of Soc. Workers v. Harwood, 69 F.3d 622, 627 (1st Cir. 1995)). For that reason, time and again, we have held that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

Garick has provided no reason for us to flout that well-settled rule here. Indeed, doing so would be particularly inappropriate in this case, given that Garick cites no Massachusetts case law addressing whether this particular type of alleged regulatory breach would allow for equitable tolling. See Doe v. Trs. of Bos. Coll., 942 F.3d 527, 535 (1st Cir. 2019) ("Federal courts are not free to extend the reach of state law."). Accordingly, we must deem the statute of limitations argument waived.

We have no occasion to reach Garick's other arguments on appeal, for even if we were to find them meritorious, the dismissal order would still stand on the basis of the time bar.

Affirmed.

- 3 -